UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 9, 2019

LETTER TO COUNSEL:

RE: *Adrienn R. v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
Civil No. TJS-18-0787

Dear Counsel:

On March 17, 2018, Plaintiff Adrienn R.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Social Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 16 & 17.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her application for SSI, Adrienn R. alleged a disability onset date of October 30, 2007, but later amended her alleged onset date to August 20, 2014. (Tr. 197, 210.) Her application was denied initially and on reconsideration. (Tr. 78, 94-97, 101-102.) A hearing was held before an Administrative Law Judge ("ALJ") on October 25, 2016 (Tr. 35-52), and the ALJ found that Adrienn R. was not disabled under the Social Security Act (Tr. 12-25). The Appeals Council denied Adrienn R.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On December 7, 2018, the case was reassigned to me.

The ALJ evaluated Adrienn R.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Adrienn R. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since August 20, 2014. (Tr. 14.) At step two, the ALJ found that Adrienn R. suffered from the following severe impairments: chronic abdominal disorder, migraine headaches, anxiety disorder, and panic disorder with agoraphobia. (*Id.*) At step three, the ALJ found Adrienn R.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 14-16.) The ALJ determined that Adrienn R. retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 C.F.R. § 416.967(b) except she can understand, remember, and carry out simple instructions, can perform simple, routine tasks in a work environment free of fast-paced production requirements; can remain on task in such work with routine, scheduled breaks; can have occasional changes in the work setting; and can have occasional interaction with the public, supervisors, and co-workers.

(Tr. 16.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Adrienn R. has no past relevant work. (Tr. 24.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Adrienn R. can perform, including housekeeping cleaner, photocopy machine operator, and router. (Tr. 24.) Therefore, the ALJ found that Adrienn R. was not disabled under the Social Security Act. (Tr. 25.)

Adrienn R.'s sole argument in this appeal is that the ALJ failed to properly consider the impact of her migraine headaches on her ability to perform work and did not adequately account for her headaches in the RFC determination. (ECF No. 16-1 at 3-7.)

Social Security Ruling 96-8p instructs that an "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). Further, the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. An ALJ must "both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis omitted).

Contrary to her argument, the ALJ adequately assessed Adrienn R.'s RFC based on the evidence. The ALJ summarized Adrienn R.'s complaints and statements about her symptoms, the objective medical evidence, and the medical opinions in the record. The ALJ discussed how Adrienn R.'s physical and mental impairments, including her migraine headaches, limited her ability to perform work-related activities, and assessed her RFC based on the effects of these impairments. In doing so, the ALJ built "an accurate and logical bridge from the evidence to [her]

conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Having reviewed the ALJ's decision, the Court finds that the evidence summarized by the ALJ supports the finding that Adrienn R. can perform the work set forth in the RFC determination. Because the ALJ's narrative RFC discussion and relevant citations to the record enable meaningful review of the ALJ's RFC analysis, Adrienn R.'s argument is without merit. Adrienn R. may disagree with the ALJ's conclusions, but this Court is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The ALJ discussed Adrienn R.'s migraines in the portion of the written decision concerning her RFC:

> The claimant has migraine headaches, which limits her to light work, with a restriction to simple, routine tasks due to pain. She has sought intermittent treatment for this issue with a neurologist, starting in 2011. Notably, the treatment notes indicate that the claimant returned to care on March 7, 2014, and that she had not been seen for more than two years, since May 3, 2012. She reported almost daily migraines, and her physician recommended Sumatriptan nasal spray and Depakote. The follow-up records on August 29, 2014, reflect that he claimant failed to start taking Depakote. She also did not seek an ophthalmology evaluation as recommended. Despite her partial compliance, the claimant reported significant improvement. She indicated that Imitrex nasal spray, Tramadol, and dietary changes, including reducing her intake of sodas, spicy foods, and chocolate, were effective abortive therapy. Overall, her headache frequency and severity are stable, and she responds adequately to therapy. Given this evidence there is nothing to warrant restrictions beyond the established residual functional capacity.

(Tr. 18 (internal citations omitted).)

Considering all of the evidence in the record, the ALJ determined that Adrienn R.'s migraines were "controlled with medication," even despite her partial non-compliance with treatment recommendations and intermittent treatment. (Tr. 15, 18.) Although Adrienn R. did not seek treatment for her migraines between May 3, 2012, and March 7, 2014, and although she did not take Depakote or seek an ophthalmology evaluation as recommended, her condition significantly improved. The ALJ found that her "headache frequency and severity [were] stable" and that she responded adequately to the therapy she received. (Tr. 18.)

The ALJ's conclusion regarding Adrienn R.'s ability to perform a limited range of light work despite her migraines is supported by substantial evidence and backed by an adequate explanation. The ALJ rejected Adrienn R.'s claim that she would frequently be absent from work because of her migraines. Citing to her treatment records, the ALJ correctly noted that Adrienn R.'s treatment (including medication and dietary changes) were "effective abortive therapy" for her migraines. (Tr. 18.) A review of Adrienn R.'s treatment records indicates that she did not complain about migraines after August 29, 2014 (Tr. 461-62), and that she affirmatively reported experiencing no headaches during visits that occurred between October 2015 and August 2016. (Tr. 493, 506, 509, 511, 513, 515, 518, 520, 522, 524, 527, 529, 537.) Adrienn R.'s statements in

3

these records are not consistent with her testimony during the hearing that she experiences migraines "almost every day." (Tr. 45.) Because the ALJ found that Adrienn R.'s migraines responded to treatment such that she no longer experienced the debilitating headaches, a finding that is supported by substantial evidence, the ALJ properly concluded that she could perform a reduced range of light work.[4]

The ALJ fairly considered Adrienn R.'s allegations regarding the severity of her migraines and properly determined that the migraines did not cause any functional limitations that would preclude her from performing a reduced range of light work. Because the ALJ's findings are supported by substantial evidence, Adrienn R.'s argument is unavailing.

Adrienn R.'s Motion for Summary Judgment (ECF No. 16) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 17) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                    Sincerely yours,

                                                    /s/
                                                  Timothy J. Sullivan
                                                  United States Magistrate Judge

---

[4] This conclusion is consistent with the opinions of two State agency consultants, both of whom found that Adrienn R. could perform a range of light work. (Tr. 68-90.) The ALJ accorded significant weight to these opinions. (TR. 22.)